302 F.2d 114
 Petition of SKIBS A/S JOLUND, as owner of the M.S. BLACK
GULL for exoneration from or limitation of liability,
Petitioner-Appellee, American Smelting & Refining Company et
al., Cargo Claimants-Appellants.
 No. 275, Docket 27354.
 United States Court of Appeals Second Circuit.
 Argued March 29, 1962.
Decided April 25, 1962.
 
 Henry N. Longley, New York City (John W. R. Zisgen, and Bigham, Englar, Jones & Houston, New York City on the brief), for cargo claimants-appellants.
 Williams A. Wilson, New York City (Warner Pyne, Albert Robin and Pyne, Smith & Wilson, New York City, on the brief), for petitioner-appellee.
 Before MEDINA, SMITH and HAYS, Circuit Judges.
 MEDINA, Circuit Judge.
 
 
 1
 At long last the litigation arising out of a fire that occurred on the Norwegian M.S Black Gull on July 18, 1952 will come to an end with our disposition of the present appeal. Cargo claimants appeal from the part of the final decree that denies to claimants Proctor's Docket fees and Proctor's fees on depositions. The complex nature of the various proceedings is sufficiently disclosed in the prior opinions of this Court reported in 1957, 250 F.2d 777, cert. denied, 1958, 356; U.S. 933, 78 S.Ct. 772, 2 L.Ed.2d 763; 1959, 2 Cir., 269 F.2d 68, cert. denied, 1960, 361 U.S. 934, 80 S.Ct. 374, 4 L.Ed.2d 355; and 1959, 2 Cir., 273 F.2d 61, cert. denied, 1960, 361 U.S. 934, 80 S.Ct. 374, 4 L.Ed.2d 335. There were two trials, each of which resulted in exoneration of petitioner in the limitation proceeding and dismissal of the libels for cargo damage, personal injuries and death caused by the fire. After the decrees thus rendered were reversed by this Court, the various claims were liquidated by payment of settlement.
 
 
 2
 The remaining controversy arose on the taxation of costs in the limitation proceeding. The Clerk taxed costs in favor of the cargo claimants and included an items of $2840, a $20 Proctor's Docket fee for each of the 142 claimants, all of whom were represented by the same proctors, and a further item of $60, a Proctor's fee of $2.50 for each of 24 depositions read on trial. An exception was noted to the allowance of the $2840 for Proctor's Docket fees. In the final decree the items of $2840 and $60 were stricken, but the costs as taxed for the usual disbursements were permitted to stand.
 
 
 3
 Concedig that, while costs in admiralty are discretionary, the long established rule in this Circuit is that if costs are awarded multiple docket fees must be allowed, the District Judge considered the $2840 award 'so shockingly large' as to justify the denial of any docket fees and fees for depositions. He felt that 'on balance' the award of disbursements would meet the ends of justice. Petitioner-appellee urges us to affirm this ruling. It is argued that the denial of docket and deposition fees is justified by a variety of so-called special circumstances, such as the payment of costs in the allied litigation on claimants' libel for cargo damage that had been consolidated for trial with the limitation proceeding. We do not find this argument persuasive. The allowance of damages to the cargo claimants was $2,151,023.62, plus interest in the amount of $676,219.24. Except for the complications connected with the basic issues and the prolonged character of the case we find or nothing out of the ordinary course.
 
 
 4
 It is also suggested by petitioner-appellee that we should change the rule and substitute in its place the rule of the Ninth Circuit, Boston Marine Ins. Co. v. Metropolitan Redwood Lumber Co., 9 Cir., 1912, 197 F. 703, to the effect that claimants in a limitation proceeding are entitled only to one Proctor's Docket fee where the claimants are represented by the same proctors, or some other rule based upon the proctor's services rendered and other attendant circumstnaces.
 
 
 5
 It may well be that there should be some comprehensive and general revision of the more or less antiquated statutory and other provisions regulating the taxation of costs in admiralty and in civil actions as well. Indeed, it is surprising that no concerted effort has been made to bring this little noticed segment of the law up to date.
 
 
 6
 On the other hand, it is perfectly clear that it would have been an abuse of discretion to disallow costs and disbursements in their entirety to these cargo claimants; and we see no basis for overruling an interpretation of the statute, 28 U.S.C. Section 1923(a), that has for so long been recognized and reaffirmed as the rule in this Circuit. The Aakre, 2 Cir., 1941, 122 F.2d 469, cert. denied, 314 U.S. 690, 62 S.Ct. 360, 86 L.Ed. 552; Cranford, S.D.N.Y., 1931, A.M.C. 752, 753; Linseed King, S.D.N.Y., 1931, A.M.C. 682; In re Excelsior Coal Co., E.D.N.Y., 1905, 136 F. 271, aff'd 2 Cir., 142 F. 724.
 
 
 7
 Accordingly, the decree is reversed with a direction to reinstate the $2840 for Proctor's Docket fees, and the $60 Proctor's fee of $2.50 for each of 24 depositions read on trial.