**YACHT, MARY JANE, her engines, tackle, apparel, furniture and other appurtenances, and Southern Sash of Montgomery, Inc., Appellants,**

v.

**BROWARD MARINE, INC., Appellee.**

**No. 19685.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1963.

James A. Dixon, Jr., Miami, Fla., Harold V. Hughston, Kirk, Rather & Hughston, Tuscumbia, Ala., and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

David M. Turner, George E. Patterson, Jr., Miami, Fla., for appellee.

Before BROWN, GEWIN and BELL, Circuit Judges.

PER CURIAM.

This appeal is from a final decree allowing recovery for maritime liens against the Yacht MARY JANE. Although the decree is for the sum of $5,514.41, the difference between the parties has finally—we say finally with some emphasis—boiled down to approximately $1,100. There appears to be no real question about the work or the price charged by the shipyard, or the fact that it was done. The whole defense rests on the fact that unlike the usual situation in which a master is placed aboard a vessel to command her and incur such obligations as may be necessary to the vessel's operation, what the owner here had under the name master was something quite different. The nominal captain really could not order anything unless another captain—a marine surveyor—approved it. This amphibious hydra-headed arrangement perhaps accounted for the fact that the whole case was tried, disposed of, and appealed without so much as even a deferential nod in the direction of the Maritime Liens Act. 46 U.S.C.A. §§ 971, 972, 973. Cf. Point Landing, Inc. v. Alabama Drydock & Shipbuilding Co., 5 Cir., 1958, 261 F.2d 861, 1959 A.M.C. 148; Colonial Press of Miami, Inc. v. The Allen's Cay, 5 Cir., 1960, 277 F.2d 540, 1960 A.M.C. 1598; Roberts v. Echternach, 5 Cir., 1962, 302 F.2d 370, A.M.C.

The items in dispute were in the category ordered by the nominal captain, but subsequently disapproved by the other captain. A review of the record shows that the case presented facts from which the Judge could find that the actual agreement with the shipyard was something less—or more—than what the parties originally spelled out. From this the Judge concluded that as to each of these items, there was in effect an implied authorization resulting—if from no other thing—from the failure of the owners "real" captain to object while the disputed work was, to his obvious knowledge, going on.

■ Consequently we think this case —a swearing match between live swearers whose credibility had to be, and was, resolved by the Judge—must end with the trial Court since these findings were not clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, 1954 A.M.C. 1999; Compania Anonima Venezolana De Navegacion v. A. J. Perez Export Co., 5 Cir., 1962, 303 F.2d 692, 1962 A.M.C. 1710, 1711; Davis v. Parkhill-Goodloe Co., 5 Cir., 1962, 302 F.2d 489, 1962 A.M.C. 1720, 1721; Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir., 1962, 302 F.2d 146, 1962 A.M.C. 1626; Ellis Towing & Transportation Co. v. Socony Mobil Oil Co., 5 Cir., 1961, 292 F.2d 91, 1961 A.M.C. 1406, 1410; Boudoin v. J. Ray McDermott & Co., 5 Cir., 1960, 281 F.2d 81, 1961 A.M.C. 1457, 1458; Ohio Barge Line, Inc. v. Oil Transport Co., 5 Cir., 1960, 280 F.2d 448, 1961 A.M.C. 375. And with this automatically falls the appeal for denial of the cross-libel for abuse of process.

■ At the same time the record shows that much of the trouble—commencing before the seizure under a warrant of arrest in rem, right up through the trial—was a direct result of crude, inaccurate, undependable books and records of the libellant-shipyard. Consequently, what started as a simple dispute ended finally in acrimonious countercharges and the expenditure of legal costs exceeding the slight difference between the parties. Under these circumstances, following the equitable liberality of the admiralty, and the like denial of interests and costs by the District Court, we affirm the decree without interest but with directions that the parties should bear equally all costs incident to this appeal incurred in this and the District Court. Higgins, Inc. v. Hale, 5 Cir., 1958, 251 F.2d 91, 1958 A.M.C. 646; Petition of Skibs A/S Jolund, 2 Cir., 1962, 302 F.2d 114, 1962 A.M.C. 1205; Gardner v. The Calvert, 3 Cir., 1958, 253 F.2d 395, 1958 A.M.C. 800; Afran Transport Co. v. The Bergechief, 2 Cir., 1960, 285 F.2d 119, 1960 A.M.C. 1380.

To effectuate this adjustment as to costs, the cause is remanded to the District Court.

Affirmed and remanded.