**RING POWER CORPORATION, Plaintiff-Appellee,**

v.

**OIL SCREW TUG "SNIPE", etc., Defendant-Appellant.**

No. 73-1258
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 24, 1973.

Rehearing Denied June 26, 1973.

Gary B. Tullis, C. Wayne Alford, Jacksonville, Fla., for defendant-appellant.

Clark W. Toole, Jr., E. Dale Joyner, Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM.

This appeal stems from the recognition of a maritime lien on the Oil Screw Tug "Snipe" in favor of Ring Power Corporation by the district court for the Middle District of Florida sitting in admiralty without a jury. The owners of the "Snipe" appeal. We affirm.

The basic question in this appeal is whether or not the evidence was sufficient to establish that the true owners of the tug, Transportation Equipment Leasing Corporation, authorized certain repairs to the vessel and waived a "no lien" provision in its contract with the charterer so as to create a lien under 46 U.S.C. § 971.

The court found that TEL had authorized the repairs, either expressly or implicitly through its actions. There is ample evidence to support this finding. We agree with the language of an earlier opinion from this circuit dealing with this same problem of authorization in which the court stated:

> Consequently we think this case—a swearing match between live swearers whose credibility had to be, and was,

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

resolved by the Judge—must end with the trial Court since these findings were not clearly erroneous. (citations omitted) Yacht, Mary Jane v. Broward Marine, Inc., 5 Cir. 1963, 313 F.2d 516, 517.

Therefore, the judgment of the district court in this cause is

Affirmed.